IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA K. PETERSON as Administratrix of the Estate of Brandon C. Peterson, deceased and in her own right, | ) ) ) ) ) | Civil Division |
| Plaintiff, | ) ) | C.A. No. 2:23-cv-136-CCW |
| v. | ) ) | |
| MURROW'S TRANSFER, INC., and LOGAN J. DENNY, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

AND NOW, come the Defendants, Murrow's Transfer, Inc. and Logan J. Denny, by and through their attorneys, Pion, Nerone, Girman, Winslow & Smith, P.C. and James M. Girman, Esquire and file the following Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof aver as follows:

1. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint.

2. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint.

3. Admitted.

4. Admitted.

5. Admitted in part and denied in part. It is admitted that Murrow's Transfer, Inc. provides transportation services for the shipment of furniture and other freight throughout the United States, including the Commonwealth of Pennsylvania and within Allegheny County. It is denied that MT Fairfield, LLC provides transportation services.

6. Admitted.

7. The averments set forth in paragraph 7 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Logan Denny is a resident of the state of North Carolina. It is denied that he resides at 3124 Crossing Way Court, High Point, NC 27262. To the contrary, Mr. Denny resides at 3433 Greenhill Drive, High Point, NC 27265.

8. The averments set forth in paragraph 8 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that at the time of this accident Logan Denny was an employee of Murrow's Transfer, Inc. and was acting within the course and scope of his employment and/or agency. It is denied that Logan Denny was an employee of MT Fairfield, LLC.

9. The averments set forth in paragraph 9 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that the averments are factual, Defendant, Murrow's Transfer, Inc., admits that it is an interstate motor carrier that conducts business in Pennsylvania, including Allegheny County.

## II. JURISDICTION AND VENUE

10. Defendants incorporate herein by reference thereto paragraphs 1-9 of this Answer as though more fully set forth herein at length.

11. The averments set forth in paragraph 11 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent that the averments are factual, Defendant, Murrow's Transfer, Inc., admits that it is an interstate motor carrier that conducts business in the Commonwealth of Pennsylvania and in Allegheny County.

### III. FACTS

12. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint except insofar as the following matter therein averred is denied. It is denied that Logan Denny was operating a tractor trailer unit owned by MT Fairfield, LLC. To the contrary, the tractor trailer unit operated by Logan Denny is owned by Murrow's Transfer, Inc.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of Plaintiff's Complaint except insofar as the following matter therein averred is denied. It is denied that Logan Denny was on an assignment to transport and deliver furniture on behalf of MT Fairfield, LLC.

19. The averments set forth in paragraph 19 of Plaintiff's Complaint are admitted except insofar as the following matters therein averred are denied. It is denied that Logan Denny took the tractor trailer to Marty's Diesel Garage for automotive service.

20. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of Plaintiff's Complaint.

21. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of Plaintiff's Complaint.

22. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of Plaintiff's Complaint.

23. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of Plaintiff's Complaint.

24. After reasonable investigation Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of Plaintiff's Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## IV. CAUSES OF ACTION

### COUNT I – NEGLIGENCE and RECKLESSNESS

**Sheila K. Peterson as Administratrix of the Estate of Brandon C. Peterson, deceased and in her own right v. All Defendants**

30. Defendants incorporate herein by reference thereto paragraphs 1-29 of this Answer as though more fully set forth herein at length.

31. The averments set forth in paragraph 31 of Plaintiff's Complaint including it multiple subparts (a) through (dd) are denied.

32. The averments set forth in paragraph 32 of Plaintiff's Complaint including its multiple subparts (a) through (v) are denied.

33. Denied.

34. Denied.

35. Denied.

WHEREFORE, Defendants deny that they are indebted to the Plaintiff in the sum or sums demanded or in any sum whatsoever and request judgment in their favor together with costs.

**JURY TRIAL DEMANDED**.

### COUNT II – PUNITIVE DAMAGES

**Sheila K. Peterson, as Administratrix of the Estate of Brandon C. Peterson, deceased, and in her own right v. All Defendants**

36. Defendants incorporate herein by reference thereto paragraphs 1-35 of this Answer as though more fully set forth herein at length.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, Defendants deny that they are indebted to the Plaintiff in the sum or sums demanded or in any sum whatsoever and request judgment in their favor together with costs.

**JURY TRIAL DEMANDED**.

### V. DAMAGES

#### A. Wrongful Death Action – Plaintiff v. All Defendants

41. Defendants incorporate herein by reference thereto paragraphs 1-40 of this Answer as though more fully set forth herein at length.

42. Denied.

43. After reasonable investigation Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of Plaintiff's Complaint.

44. After reasonable investigation Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 of Plaintiff's Complaint.

45. Denied.

WHEREFORE, Defendants deny that they are indebted to the Plaintiff in the sum or sums demanded or in any sum whatsoever and request judgment in their favor together with costs.

**JURY TRIAL DEMANDED**.

#### B. - Survival Action – Plaintiff v. All Defendants

46. Defendants incorporate herein by reference thereto paragraphs 1-45 of this Answer as though more fully set forth herein at length.

47. Denied.

WHEREFORE, Defendants deny that they are indebted to the Plaintiff in the sum or sums demanded or in any sum whatsoever and request judgment in their favor together with costs.

**JURY TRIAL DEMANDED.**

### C – Punitive Damages – Plaintiff v. All Defendants

48. Defendants incorporate herein by reference thereto paragraphs 1-47 of this Answer as though more fully set forth herein at length.

49. Denied.

WHEREFORE, Defendants deny that they are indebted to the Plaintiff in the sum or sums demanded or in any sum whatsoever and request judgment in their favor together with costs.

**JURY TRIAL DEMANDED**.

### AFFIRMATIVE DEFENSES

50. Plaintiff's Complaint fails to state a claim against these Defendants for which relief can be granted.

51. Defendants raise the comparative negligence of Plaintiff's decedent as a complete and/or partial bar to Plaintiff's claims.

52. To the extent justified by the facts developed during discovery or the evidence introduced at the time of trial Defendants raise Plaintiff decedent's assumption of a known risk as a complete and/or partial bar to Plaintiff's claims.

53. Defendants raise the terms and provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law as a complete and/or partial bar to Plaintiff's claims.

WHEREFORE, Defendants deny that they are indebted to the Plaintiff in the sum or sums demanded or in any sum whatsoever and request judgment in their favor together with costs.

**<u>JURY TRIAL DEMANDED</u>**.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW & SMITH

BY:     /s/ James M. Girman
James M. Girman, Esquire
Pa. I.D. #58825
jgirman@pionlaw.com
Brian L. Shepard, Esquire
Pa. I.D. #319322
bshepard@pionlaw.com

Attorneys for Defendants,
Murrow's Transfer, Inc. and
Logan J. Denny.

# CERTIFICATE OF SERVICE

I, James M. Girman, Esquire, hereby certify that a true and correct copy of the foregoing **ANSWER and AFFIRMATIVE DEFENSES** was served upon counsel of record by CM-ECF electronic service, this 9th day of February, 2023, as follows:

Edward S. Goldis, Esquire
Feldman, Shepard
1845 Walnut Street
21st Floor
Philadelphia, PA 19103
egoldis@feldmanshepard.com

PION, NERONE, GIRMAN, WILSOW & SMITH

BY: /s/ James M. Girman
James M. Girman, Esquire
Pa. I.D. #58825
jgirman@pionlaw.com
Brian L. Shepard, Esquire
Pa. I.D. #319322
bshepard@pionlaw.com

Attorneys for Defendants,
Murrow's Transfer, Inc. and
Logan J. Denny.