# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA PETERSON, as Administratrix of the Estate of BRANDON C. PETERSON, deceased, and in her own right,<br><br>Plaintiff<br><br>v.<br><br>MURROW'S TRANSFER, INC., et al.,<br><br>Defendants | CIVIL ACTION<br><br>No. 2:23-CV-00136-CCW |

## **ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of Petition for Approval of Wrongful Death and Survival Actions, it is hereby ORDERED and DECREED that the settlement in the above-captioned matter is approved in the gross amount of $2,600,000.00. It is further ORDERED that the settlement proceeds be allocated as follows:

| | |
|---|---|
| Feldman Shepherd cost reimbursement | $64,766.14 |
| Feldman Shepherd 37.5% net attorney's fee | $950,712.70 |
| Less funds held in escrow for any unpaid bills | $1,000.00[1] |
| Wrongful Death Act (85% of proceeds after deduction of fees and costs) in the amount of | $1,345,992.99 |
| TO:    Sheila Peterson<br>          Brook Peterson | $672,996.50<br>$672,996.49 |

---

[1] Any remining balance will be distributed in accordance with the allocation set forth in this Order.

Survival Act (15% of proceeds after deduction
of fees and costs) in the amount of $237,528.17

TO: Sheila Peterson, Administratrix
of the Estate of Brandon C. Peterson

Within sixty (60) days from the date of this Order, counsel shall file an Affidavit with the Office of Judicial Records certifying compliance with this Order. The Affidavit shall bear the caption of the case and contain the court term and number.

BY THE COURT

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA PETERSON, as Administratrix of the Estate of BRANDON C. PETERSON, deceased, and in her own right, | CIVIL ACTION<br><br>No. 2:23-CV-00136-CCW |
| Plaintiff | |
| v. | |
| MURROW'S TRANSFER, INC., et al., | |
| Defendants | |

### PETITION TO SETTLE WRONGFUL DEATH AND SURVIVAL ACTION

Counsel for plaintiff, Sheila K. Peterson as Administratrix of the Estate of Brandon C. Peterson deceased, and in her own right, Feldman Shepherd, Wohlgelernter, Tanner, Weinstock & Dodig, respectfully petition the Court for an Order approving the settlement of this action and the requested distribution of the settlement proceeds, including the payment of counsel's fees and costs, and state as follows:

1. Decedent Brandon C. Peterson was born on December 26, 2001, and prior to his death resided in Fayette County, Pennsylvania.

2. Plaintiff Sheila K. Peterson is the mother of decedent and was appointed the Administratrix of the Estate of Brandon C. Peterson by the Register of Wills for Fayette County, Pennsylvania on January 18, 2022. See Letters of Administration attached hereto as Exhibit "A."

3. At the time of his death, plaintiff's decedent did not have a Will, was not married

and did not have any children. Decedent's surviving parents, plaintiff Sheila K. Peterson and Brook P. Peterson, his father, are the only beneficiaries.

4. This action arises in relation to a vehicular accident that occurred on December 22, 2020, in Westmoreland County.

5. On that date, plaintiff's decedent was on the side of the road inspecting his inoperable vehicle. While the vehicle was on the side of the road on or to the right of the fog line, the decedent was apparently standing in the right travel lane.

6. While plaintiff's decedent was inspecting his vehicle, he was struck and killed by defendant Logan J. Denny, who was operating a tractor trailer that was transporting furniture for defendants Murrow's Transfer, Inc. (hereinafter collectively described as "defendants").

7. Decedent was killed instantly upon the impact of the tractor trailer, having sustained multiple blunt injuries and a severe head injury, at the young age of 18. See Redacted Westmoreland County Coroner report attached hereto as Exhibit "B."

8. The defendants vehemently denied that they bore any liability for the accident and averred that the decedent's own conduct was a bar to recovery.

9. Following the exchange of multiple documents, multiple inspections, and the retention of experts, plaintiff's counsel filed a Complaint in the Allegheny County Court of Common Pleas on December 22, 2022.

10. On January 27, 2023, defendants filed a Notice of Removal and the matter was removed to the United States District Court for the Western District of Pennsylvania.

11. On March 10, 2023, after obtaining consent from plaintiff Sheila Peterson and Brook Peterson, plaintiff's counsel sent a letter to counsel for defendants setting forth plaintiff's

theories of liability and claims for damages, including a demand for payment of the full liability insurance coverage limits for the defendants.

12. Shortly after the March 10, 2023 letter was sent, counsel for the defendants contacted counsel for the plaintiff and tendered the maximum insurance coverage limits available to defendants in the amount of $2,000,000.00.

13. In their capacity as counsel for the Estate, plaintiff's counsel also presented a claim for underinsured motorist benefits to decedent's automobile insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm").

14. During the pendency of the litigation, plaintiff's counsel undertook ongoing communications with State Farm relating to the claim for underinsured motorists benefits while State Farm's investigation was ongoing. Communications were initially with a State Farm adjustor and eventually with counsel for State Farm, Mark A. Martini, Esquire.

15. During a series of communications with counsel for State Farm, counsel for plaintiff provided requested information, including the Complaint in this matter and confirmation of the liability insurance limits for the defendants.

16. On March 9, 2023, counsel for State Farm sent a letter to counsel for plaintiff tendering the $600,000.00 underinsured motorist benefits to the Estate, representing the maximum underinsured coverage limits applicable to the claim. See March 9, 2023 Letter attached hereto as Exhibit "C."

17. Plaintiff's decedent was not the recipient of any accident-related benefits from the Department of Human Services or Medicare. Plaintiff's decedent was not identified as a Medicare beneficiary. See Letters from Pennsylvania Department of Human Services and Medicare attached hereto as Exhibit "D."

18. Plaintiff's counsel has incurred litigation expenses in the amount of $64,766.14. Additional case costs are anticipated and counsel is holding $1,000.00 in escrow for those costs. See Itemization of the costs of litigation attached hereto as Exhibit "E." Any remaining balance will be distributed in accordance with the allocation approved by this Court.

19. At the outset of the litigation, plaintiff and plaintiff's counsel entered into a Contingent Fee Agreement providing for an attorney's net fee of 37.5% after the reduction of litigation costs, leaving plaintiff with the net sum available for distribution of $1,583,521.16.

20. Following the impact of the tractor trailer, the decedent was unresponsive. He sustained a significant head injury, multiple severe blunt-impact injuries and was pronounced dead at the scene of the accident. There is no evidence that the decedent suffered conscious pain and suffering following the accident. The absence of evidence of pain and suffering supports a substantially larger allocation of proceeds to the wrongful death claim, rather than to the survival claim.

21. For the reasons set forth herein, it is proposed to allocate 85% of the proceeds of settlement to the wrongful death claim, and 15% to the survival claim, with allocation and distribution of the proceeds as follows:

| | |
|---|---|
| Feldman Shepherd attorney's costs | $64,766.14 |
| Feldman Shepherd 37.5% net attorney's fee | $950,712.70 |
| Less funds held in escrow for any unpaid bills | $1,000.00 |
| Wrongful Death Act (85% of proceeds after deduction of fees and costs) in the amount of | $1,345,992.99 |
| TO: Sheila Peterson | $672,996.50 |
| Brook Peterson | $672,996.49 |

|  |  |
|---|---|
| Survival Act (15% of proceeds after deduction of fees and costs) in the amount of | $237,528.17 |

TO: Sheila Peterson, Administratrix
of the Estate of Brandon C. Peterson

22. When proceeds from a survival action pass to the parents, they are subject to a zero percent inheritance tax rate. 72 P.S. §9116(a)(1.2). Accordingly, regardless of the allocation of the subject proceeds, there will be no inheritance tax consequences.

23. While there is no need for approval of the allocation by the Pennsylvania Department of Revenue because of the lack of inheritance tax consequences arising from the allocation of proceeds, plaintiffs' counsel has nevertheless written to the Pennsylvania Department of Revenue, requesting confirmation that it has no objection to the proposed allocation. See Letter to the Department of Revenue attached hereto as Exhibit "F." The Pennsylvania Department of Revenue has responded that it has no objection to the proposed allocation. See Department of Revenue letter attached hereto as Exhibit "G."

24. Following the settlement and despite the Contingent Fee Agreement entered into at the outset of the litigation providing for a 37.5% net attorney's fee for all claims, plaintiff initially disputed plaintiff's counsel's entitlement to attorney's fees only in connection with the claim for underinsured motorist benefits and has thus refused to sign and return any of the settlement paperwork, including the release provided by the defendants, even though plaintiff approved of the policy limits demand and has not expressed any concerns related to the release language.

25. Until recently, there was no dispute by plaintiff as to plaintiff's counsel's entitlement to a 37.5% net attorney's fee in connection with settlement of the claims against the defendants. However, plaintiff now also disputes the amount of attorney's fees counsel is entitled to in connection with the settlement of the claims against the defendants.

26. Despite best efforts, counsel and plaintiff have not been able to resolve this dispute and counsel seek the Court's assistance in resolving this matter.

22. A copy of this petition is being served upon all interested parties.

WHEREFORE, plaintiff's counsel respectfully requests that this Honorable Court approve the settlement described herein and approve the payment of counsel's fees and costs along with the allocation of the proceeds of the Wrongful Death Act and Survival Act claims as set forth herein.

                                        FELDMAN, SHEPHERD, WOHLGELERNTER
                                        TANNER, WEINSTOCK & DODIG, LLP

*Edward S Goldis*

_____
ALAN M. FELDMAN, ESQUIRE
DANIEL J. MANN, ESQUIRE
EDWARD S. GOLDIS, ESQUIRE
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
Attorneys for Plaintiff

Date: August 11, 2023

## CERTIFICATE OF SERVICE

I, Edward S. Goldis, hereby certify that on this date the within Petition to Settle Wrongful Death and Survival Action was served upon counsel of record via electronic mail.

I also certify that on this date the within Petition to Settle Wrongful Death and Survival Action was served upon the following in the manner prescribed:

Brook and Sheila Peterson
2095 Kingview Road
Scottdale, PA 15683
(via email and regular mail)

Mark A. Martini, Esquire
Counsel for State Farm
Robb Leonard Mulvihill
BNY Mellon Center
500 Grant Street, Suite 2300
Pittsburgh, PA 15219
(via email)

*Edward S Goldis*

EDWARD S. GOLDIS, ESQUIRE
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
Attorney for Plaintiffs

Date: August 11, 2023