IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA K. PETERSON, <br><br> Plaintiff, <br><br> v. <br><br> MURROW'S TRANSFER, INC., LOGAN J. DENNY, <br><br> Defendants. | 2:23-CV-00136-CCW |

## OPINION

Before the Court is the Renewed Petition for Court Approval of Settlement of Wrongful Death and Survival Action filed by Plaintiff, Sheila K. Peterson, as Administratrix of the Estate of Brandon C. Peterson, and in her own right.  ECF No. 110.  Defendants Murrow's Transfer, Inc. and Logan J. Denny (collectively, "Defendants") consent to the relief requested in the Motion. ECF No. 114.  Additionally, Ms. Peterson's former counsel, Feldman Shepherd, has no objection to the Motion.  ECF No. 115.  Accordingly, the Motion is ripe for adjudication.  For the reasons that follow, the Court will grant the Motion.

**I.      Background**

This action relates to the death of Brandon C. Peterson on December 22, 2020.  ECF No. 110 ¶ 4.  Brandon was struck and killed by a tractor trailer operated by Mr. Denny on behalf of Murrow's Transfer, Inc. *Id.* ¶ 6.  Ms. Peterson and her husband, Brook Peterson, are the surviving parents of Brandon, and his only heirs.  *Id.* ¶¶ 2–3.  Ms. Peterson, on behalf of herself and as the Administratrix of the estate, filed a complaint in the Allegheny County Court of Common Pleas against Defendants seeking damages pursuant to the Pennsylvania Survival Act, 42 Pa. C. S.

§ 8302, and the Wrongful Death Act, 42 Pa. C.S. § 8301. ECF No. 1-2. Defendants removed the action to this Court on January 27, 2023.[1] ECF No. 1; ECF No. 110 ¶¶ 9–10. Defendants have agreed to tender their policy limits of $2,000,000.00 to settle this action, and non-party State Farm has agreed to tender $600,000.00 for underinsured motorist benefits. ECF No. 110 ¶¶ 12–14.

## II.     Legal Standard

Section 3323 of Pennsylvania's Decedents, Estates, and Fiduciaries Code requires court approval of any settlement involving claims brought on behalf of an estate. *See* 20 Pa. C.S. § 3323(b)(1). Section 3323 further allows the Court to review and "approve an agreement for the payment of counsel fees and other proper expenses." *Id.* The requirement of judicial approval "is intended to protect the estate, as well as the creditors and beneficiaries thereof." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990). Survival actions require court approvals, while "wrongful death actions, in contrast, do not require court approval where the only beneficiaries are competent adults." *Kaufman v. Jerson Elec. Bikes, LLC*, No. 22-cv-3765, 2024 WL 659490, at *1 (E.D. Pa. Feb. 16, 2024) (cleaned up). "However, when wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." *Id.* (citing *Moore*, 580 A.2d at 1141). In weighing the approval of such settlements, courts assess (1) the adequacy of the settlement, (2) the reasonableness of the apportionment between the wrongful death and survival claims, and (3) the reasonableness of the attorneys' fees. *Id.*

## III.    Discussion

The Court will first address the adequacy of the settlement. "Section 3323 'contemplates a judicial inquiry into the propriety of a proposed compromise or settlement by the estate, whether

---

[1] This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

2

or not it is contested, consistent with the court's supervisory jurisdiction over decedents' estates, and an adjudication based thereon." *Kaufman*, 2024 WL 659490, at *1.  "In determining the adequacy of the settlement, the Court gives considerable weight to the consensus of parties represented by counsel because the lawyers and parties are closer to the case and have a better handle on the risks and upsides of the litigation." *Id.* (cleaned up); *Salas v. Goldenberg*, Civ. A. No. 22-2179, 2023 WL 8832422, at *1 (E.D. Pa. Dec. 20, 2023) ("Courts typically afford 'considerable weight' to the judgment of counsel and the parties in determining the 'fair value of the lawsuit.'").  Here, all parties consent to the proposed settlement, and the Court has no reason to second guess counsel's valuation of the case, particularly since both Defendants and non-party State Farm have tendered the full limits of the applicable insurance policies and the settlement is for a substantial sum.  Accordingly, the Court concludes that the settlement is adequate.

Next, the Court will address the reasonableness of the apportionment between the wrongful death and survival claim.  "Pennsylvania policy favors wrongful death beneficiaries over estate beneficiaries." *Tamasy v. Yough Sch. Dist.*, 2:18-cv-1236, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019) (Ranjan, J.).  While scrutiny is required where "only a small portion of the settlement would be paid to the decedent's estate in settlement of the survival action," "there is nothing inherently suspect or improper about a settlement allocation favoring wrongful death beneficiaries." *Id.*  Here, Ms. Peterson and Brook Peterson are both the wrongful death beneficiaries and the sole heirs to Brandon C. Peterson's estate.  Thus, they are the exclusive beneficiaries of the settlement proceeds regardless of how the settlement is apportioned.  Further, the Pennsylvania Department of Revenue has approved the allocation, ECF No. 110 ¶ 24;  there is no inheritance tax, ECF No. 116 at 19 ("regardless of the allocation of the subject proceeds, there would be no Inheritance Tax consequences");  and there is no evidence that Brandon suffered

conscious pain and suffering which would warrant a greater allocation to the estate, ECF No. 110 ¶ 21. *See Boykin v. Platinum Healthcare Grp., LLC*, Civ. A. No. 22-2939, 2024 WL 387638, at *5 (E.D. Pa. Jan. 31, 2024) ("[D]amages for survival actions are intended to…account for 'decedent's pain and suffering, loss of gross earning power from the date of injury until death, and probable earning during his life expectancy.'"). Accordingly, the Court finds that the 15% allocation of the settlement to the survival claim and 85% allocation of the settlement to the wrongful death claim is reasonable.

Lastly, the Court will address the reasonableness of attorneys' fees. "When addressing the reasonableness of attorney's fees, 'courts should [also] be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable and competent parties.'" *Carter v. Wellpath LLC*, No. 22-cv-1050, 2023 WL 6323095, at *2 (E.D. Pa. Sept. 28, 2023) (quoting *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999)). Under the contingent fee agreement, Ms. Peterson's former counsel, Feldman Shepherd, is entitled to 37.5% of the settlement proceeds *after* the deduction of litigation costs from the gross recovery amount. ECF No. 110 ¶ 18 (emphasis in original). The Court notes that earlier in this case Ms. Peterson disputed Feldman Shepherd's entitlement to 37.5% of the settlement recovery from Defendants and the entirety of the settlement recovery from non-party State Farm. ECF Nos. 53, 54. However, before the scheduled evidentiary hearing on this issue, Ms. Peterson and Feldman Shepherd reached a confidential resolution of their dispute. ECF No. 111 at 4 n. 3. The Court will not disturb the contingent fee agreement, especially since 37.5% is "within the range of reasonableness." *Boykin*, 2024 WL 387638, at * 6 (finding 40% contingent fee reasonable). Therefore, the Court concludes that the attorneys' fees and costs are reasonable under the circumstances.

### IV. Conclusion

For the foregoing reasons, Ms. Peterson's Renewed Petition for Court Approval of Settlement of Wrongful Death and Survival Action, ECF No. 110, is **GRANTED**.

An appropriate order will follow.

DATED this 30th day of May, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record